WILLIAM E. and CHRISTINE M. BARRETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barrett v. Commissioner
Docket No. 9653-74.
United States Tax Court
T.C. Memo 1977-96; 1977 Tax Ct. Memo LEXIS 344; 36 T.C.M. (CCH) 437; T.C.M. (RIA) 770096; April 4, 1977, Filed Robert Leland Johnson, for the petitioners. Charles H. Cowley, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1969
$ 7,756.00
1970
11,687.00
1971
12,069.00
The sole issue presented for determination is the fair market value of property given to Temple Buell College by petitioners on June 30, 1969, as a charitable contribution. FINDINGS OF FACT Some facts were stipulated and are so found. Petitioners are husband and wife and filed joint Federal income tax returns for the taxable years 1969, 1970, and 1971. At the time of filing the petition herein, petitioners resided in Denver, Colorado. Petitioner, Christine M. Barrett, is a *345 party solely by virtue of having filed joint Federal income tax returns with her husband, William E. Barrett, and he will be referred to hereinafter as petitioner. Petitioner is an author of short stories and novels. Petitioner was born in 1900 and began his career as an author in 1926. He published his first book, Woman on Horseback, in 1938. By 1969, petitioner had published 19 other books. Five of his books have been major book club choices and three have been made into motion pictures. One of the resulting films, Lilies of the Field, won an Academy Award, the Berlin Film Festival Award, and later became a musical production on Broadway. During the course of his career, petitioner accumulated a rather extensive collection of documents with respect to his writing. The documents included original manuscripts, galley proofs, magazine reviews, fan mail and responses to fan mail, scripts for movie adaptation, and other related materials. Many of these documents were in holographic form. Petitioner has never offered to sell any of these documents to any person or institution. A number of universities have sought petitioner's collection for inclusion in their libraries, *346 including Boston University, The University of Oregon, The University of Colorado, and Denver University. For personal reasons, however, petitioner decided to donate the aforementioned collection to an educational institution then known as Temple Buell College. [1] Consequently, on June 30, 1969, petitioner made a gift of the collection to Temple Buell College. [2]
The collection thus donated by petitioner has been the subject of three separate appraisals. In 1969, Temple Buell College retained the services of Henry A. Clausen to appraise the gift. Clausen valued the gift at $81,700. In 1972 Eric Schneirsohn, employed by respondent, determined the fair market value of the gift to be $9,617. Later in that same year, petitioner obtained the services of Louis Applefeld, who valued the gift at $61,885. [3]
*347 On petitioner's Federal income tax return for 1969, a charitable contribution to Temple Buell College in the amount of $81,700 was shown. Due to limitations on the amount of charitable contributions deductible during any one year, only $17,091 was claimed by petitioner in 1969 and the remainder was carried forward with $26,910 being claimed in 1970 and $27,718 being claimed in 1971. In his notice of deficiency, respondent disallowed the claimed deduction for 1969 to the extent that it exceeded $9,617, and disallowed the claimed deductions for 1970 and 1971 in their entirety. OPINION The sole issue presented is the fair market value of the collection of documents contributed by petitioner to Temple Buell College on June 30, 1969. In this regard, section 1.170-1(c), Income Tax Regs., provides in part: If a contribution is made in property other than money, the amount of the deduction is determined by the fair market value of the property at the time of the contribution. The fair market value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge *348 of relevant facts. * * * Petitioner contends that the fair market value of the gift on the date contributed was at least $81,700. Respondent, on the other hand, maintains that the value of the gift on the critical date was no more than $9,617. The issue is one of fact to be determined from consideration of all the relevant evidence in the record. Kaplan v. Commissioner,43 T.C. 663, 665 (1965). In the absence of any prior or contemporaneous sales of an author's work-related memorabilia, as in the present case, the degree of subjectivity which is inherent in any value determination is compounded. This difficulty is exemplified by the wide range of values placed on the collection by the three experts who testified in this case. Despite the fact that all three experts were men with considerable experience as appraisers and booksellers, respondent's expert, Schneirsohn, valued the gift at $9,617, while the expert witnesses produced by petitioner, Clausen and Appelfeld, valued the same gift at $81,700 and $61,885, respectively. [4]
*349 Irrespective of the subjective difficulties involved in making the present determination of value, however, certain guidelines have emerged. We previously addressed a similar situation involving musical manuscrips and related material in Jarre v. Commissioner,64 T.C. 183 (1975). In that case we stated that some of the factors which must be considered in arriving at the fair market value of the material are as follows: The composer's standing in his field and popularity of his works in general; the critical acclaim and popular appeal of the particular works contributed; the relative place and importance of the contributed works in the composer's career; the condition and content of the contributed works; whether the contributed works are originals, fair copies, or photocopies, are written in the composer's own hand, are signed, or are in ink, pencil, or typed; the length of the individual contributed works and the sizes of the pages containing them; whether the mental processes of the composer are shown * * *, including annotations; the demand in the market place for the type of works contributed and for the particular works contributed; the associative character *350 of the contributed works (such as the film, its actors and actresses, its director, or its subject); the quantity, or conversely the rarity, of the contributed material * * *; and the length of time necessary to sell the contributed works. [Jarre v. Commissioner,supra, at 188] While the present case involves the manuscripts and memorabilia of an author as opposed to a composer, the same considerations apply. We have carefully examined and analyzed all the evidence contained in the record pertaining to the valuation of the gift in question. We have weighed the opinions of the expert witnesses in accordance with the qualifications of each. Based on our evaluation of the evidence and consideration of the various factors involved, including those enumerated by this Court in Jarre v. Commissioner,supra, we conclude that the fair market value of the collection of documents donated by petitioner to Temple Buell College on June 30, 1969, was $47,000. Decision will be entered under Rule 155. Footnotes
1. Sometime after June 30, 1969, the school changed its name to Colorado Women's College. ↩
2. Sometime after June 30, 1969, petitioner contributed additional materials to the college to update the collection and to preserve its continuity.↩
3. All three appraisers are men with considerable experience in the literary field. In addition, Schneirsohn and Applefeld are members of the Appraisers Association of America, Inc. Appelefeld was recommended to petitioner by the Association to appraise the gift in 1972.↩
4. None of the experts considered the fact that petitioner subsequently contributed additional documents to the college as part of a continuing gift in making their appraisals. We likewise regard this as irrelevant.↩